REQUESTED BY: James W. Slavik, Dawes County Attorney, P. O. Box 1276, 201 East Third Street, Chadron, Nebraska 69337.
When all of the property of a decedent is held in joint tenancy with the surviving spouse, or, if there is no surviving spouse, with the decedent's children, in the determination of inheritance tax is the surviving joint tenant entitled to the $3,500 exemption provided for by section30-2323, R.R.S. 1943?
Yes.
Section 30-2323, R.R.S. 1943, provides in part as follows:
 "In addition to the homestead allowance, the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding three thousand five hundred dollars in excess of any security interests therein in household furniture, automobiles, furnishings, appliances and personal effects. If there is no surviving spouse, children of the decedent are entitled jointly to the same value. If encumbered chattels are selected and if the value in excess of security interests, plus that of other exempt property, is less than three thousand five hundred dollars, or if there is not three thousand five hundred dollars worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the three thousand five hundred dollars value. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance. . . ."
Section 77-2004, 1977 Supp., provides that in addition to the homestead allowance, exempt property shall not be subject to tax. You question whether this exemption is allowable when the property of the decedent was held in joint tenancy, apparently on the theory that there is no `estate' from which this exempt property can be taken.
However, we believe this takes too narrow a view of the exemption. In an opinion of this office dated September 15, 1955, Report of the Attorney General 1955-56, p. 136, we discussed a similar question. At that time a statute provided that a surviving joint tenant was liable for debts of the decedent, to the extent of the value of the contribution of the decedent to the property. The question was whether such debts paid by the survivor were deductible in computing the inheritance tax. In holding that they were, we said:
 "We submit that it should be subject to the same limitations, exceptions and deductions which are applied to other interests taxed under the same law. . . . [U]nder section 77-2004, R.R.S. 1943, jointly owned property is considered an asset of decedent's estate for the purpose of determining the value of the succession interest of a surviving spouse, which for all practical purposes, means that it is property of the estate in the determination of inheritance taxes.
 It should then be entitled to all the privileges pertaining thereto."
We believe the reasoning of that opinion is sound, and we adhere to it. Furthermore, as you state in your letter, the homestead allowance has always been deducted in inheritance tax determinations. If that had not conformed to the intent of the Legislature, presumably corrective legislative action would have been taken. We can see no distinction in principle between the homestead allowance and the $3,500 exemption, so far as their being allowed in inheritance tax determinations is concerned. We therefore conclude that the exempt property described in section30-2323 should be deducted in computing inheritance tax on jointly held property.